THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| DEBORAH C. KEIFFER | * | CIVIL ACTION NO. 05-2152 |
| Versus | * | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter has been referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED and REMANDED for further proceedings.**

## Background & Procedural History

On March 11, 2003, Deborah C. Keiffer filed the instant claims for Disability Insurance Benefits and Supplemental Security Income payments. (Tr. 18, 57-59, 335-338). She alleged disability since November 30, 2001, due to rheumatoid arthritis in her knees, a tumor in her left leg, two strokes, and bad nerves. (Tr. 57, 65). The claims were denied at the initial stage of the administrative process. (Tr. 46, 49-52, 334). Thereafter, Keiffer requested and received an October 4, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 28-45). In a February 25, 2005, written decision, the ALJ determined that Keiffer was not disabled under the SSA, finding at Step Five of the sequential evaluation process that she was able to make an adjustment to other work that exists in substantial numbers in the national economy. (Tr. 13-21). Keiffer appealed the adverse decision to the Appeals Council. However, on November 16, 2005,

1

the Appeals Council denied Keiffer's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 6-8).

Keiffer now seeks to have this court review the denial of benefits. Her sole allegation of error is that the ALJ's residual functional capacity assessment is not supported by substantial evidence.

## **Standard of Review**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## Determination of Disability

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability.  *See* 42 U.S.C. § 423(a)(1)(D).  The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).   Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work.  *See* 42 U.S.C. § 423(d)(2)(A).  Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows,

(1)	An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)	An individual who does not have a "severe impairment" of the requisite duration will not be found to be disabled.

(3)	 An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)	If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

(5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

*See, Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## Analysis

The ALJ found at Step Two of the sequential evaluation process that Keiffer suffered from severe impairments of: undefined connective tissue disorder, history of hypothryroidism, and history of stroke. (Tr. 17, 20). However, the ALJ concluded that these impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at Step Three of the process. *Id*.

The ALJ next determined that Keiffer retained the residual functional capacity to perform the exertional demands of sedentary work. (Tr. 19-20).[1] Plaintiff contends that the ALJ erred by

---

[1] Sedentary work entails:
. . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

4

refusing to recognize several non-exertional mental limitations identified by consultative psychologist, David J. Williams, Ph.D. The court agrees.

The record reflects that on November 18, 2004, Keiffer underwent a mental status examination before Dr. Williams. (Tr. 311-313). The ensuing report indicates that Keiffer was oriented to time, place, time, and situation. *Id.* She exhibited adequate vocabulary and receptive language abilities. *Id.* Her short-term memory was intact; persistence was adequate. *Id.* Her concentration and social judgment skills were marginal. *Id.* Williams diagnosed major depressive disorder, recurrent, and to rule out: undifferentiated somatoform disorder, learning disorder and borderline intellectual functioning. *Id.* Her prognosis was guarded. *Id.*

Dr. Williams also completed a Medical Source Statement of Ability to do Work-Related Activities (Mental). (Tr. 314-315). He indicated that Keiffer suffered slight limitations in her ability to understand, remember, and carry out instructions. *Id.* He confirmed that these limitations were mild and insignificant. *Id.* Williams further indicated that Keiffer suffered slight to moderate limitations in her ability to respond appropriately to work pressures and changes in a usual work setting. *Id.* He noted that her depression would limit her ability to relate well with others and to handle work stresses to some degree. *Id.*

The ALJ is entitled to determine the credibility of medical experts and to weigh their opinions. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). The weight to be afforded a physician's opinion depends upon the extent to which it is supported by specific clinical findings. *Jones v. Heckler*, 702 F.2d 616, 621 (5th Cir. 1983). In the case *sub judice*, the ALJ acknowledged the limitations indicated by Dr. Williams, but stated that they were not supported by his findings on examination. (Tr. 18). The ALJ further noted that in December 2003,

---

20 C.F.R. 404.1567(a).

5

Keiffer's depression appeared to be resolving, and that her symptoms had improved. *Id*. The ALJ observed that Keiffer had not undergone previous mental health treatment and concluded that her symptoms were secondary to family problems. *Id*.

The record does not support the ALJ's rationale for discounting Dr. Williams' assessment. First, the limitations identified by Dr. Williams are consistent with, and supported by his examination findings and associated diagnosis. (*See*, Tr. 311-313). Moreover, almost one year earlier, a psychiatrist, Roy R. Ragsdill, M.D., diagnosed Keiffer as suffering from major depression, moderate, resolving. (Tr. 198-201).[2] Dr Ragsdill assigned a Global Assessment of Functioning ("GAF") rating of 70, and recommended that she continue taking her Lexapro and Trazodone medication. *Id*.[3] A GAF rating of 70 is generally consistent with the limitations identified by Dr. Williams.[4]

The record also contains progress notes documenting treatment at Monroe Mental Health from October 2003 through June 2004. (Tr. 193-208). At the October 2004 hearing, Keiffer stated that she continued to receive help every two weeks at Monroe Mental Health. (Tr. 42). The multiple diagnoses of depression and ongoing mental health treatment undermine the ALJ's

---

[2] During a July 23, 2003, physical examination, David Hebert, M.D., observed no evidence of depression or anxiety. (Tr. 163-165). However, Dr. Hebert's primary specialty is internal medicine, with a secondary specialty in pulmonary diseases. (Tr. 192). Generally, the Commissioner affords more weight to the opinion of a specialist about issues related to his or her specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(d)(5). Moreover, Dr. Hebert's examination predated Keiffer's diagnosis and ongoing treatment for depression.

[3] Lexapro is prescribed to relieve symptoms of depression and generalized anxiety disorder. *See*, www.Lexapro.com.

[4] A GAF of 70 denotes some mild symptoms or some difficulty in social, occupational, school functioning, but generally functioning pretty well. *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition DSM-IV, p. 32.

supposition that Keiffer's symptoms were fleeting. In sum, the court finds that the ALJ's reasons for discounting Dr. Williams' assessment are not supported by substantial evidence. Thus, the ALJ's residual functional capacity is likewise not supported by substantial evidence.

This error is material to the ALJ's ultimate disability determination. At Step Five of the sequential evaluation process, the ALJ relied on the Medical-Vocational Guidelines to find Keiffer not disabled. However, the ALJ may rely exclusively on the guidelines only when the claimant suffers from exertional impairments or when the claimant's non-exertional impairments do not significantly affect her residual functional capacity. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987)(citations omitted). Vocational expert testimony is *required* for claimants who are limited to low stress work. *See, Fields v. Bowen* 805 F.2d 1168, 1170 (5th Cir. 1986). Also, when a claimant has a less than substantial loss of ability to cope with changes in a routine work setting or to respond appropriately to supervision, co-workers and usual work situations, then the unskilled sedentary work base may be eroded. *See*, SSR 96-9p.[5]

For the foregoing reasons,

The **Commissioner's decision is REVERSED and REMANDED for further proceedings.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

[5] Social Security Rulings are "binding on all components of the Administration." *Spellman v. Shalala*, 1 F.3d 357, 361 (5th Cir. 1993)(quoted source omitted).

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, on January 3, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE